Revised Form 103 (2017)

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | |
|     Glenn H. Welch | ) | Case No. 22-10573 |
| | ) | |
| | ) | Chapter 13 |
| Debtors(s) | ) | |

**CHAPTER 13 PLAN**

I. **Notice**

NOTICE TO CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

- ☐ The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
- ☐ The plan will seek avoidance of a lien or security interest
- ☐ The plan contains nonstandard provisions in paragraph VI

II. **Plan payments and Length of Plan:** The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of **$250.00** (monthly) for **1-9 months at which time the home will be refinanced or sold.**

III. **Plan Distribution:** From the payment received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. Priority Claims:
   Full Payment in the deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.

   ☑ (A) Debtor's Counsel Fees: **$2,860.00**
   ☑ (B) Priority Taxes: **- $10,940.00 to the IRS for 2020 taxes**
                      **- $45,855.33 to the IRS for 2018 taxes**
   ☐ (C) Domestic Support Obligations: **N/A**
   ☐ (D) Other Priority or Administrative Expenses: **N/A**

Revised Form 103 (2017)

2. **Secured Claims:** (boxes must be checked)
   ☑ Pro rata with or
   ☐ Subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the securing such claims and shall be paid as follows:

☐ (A) Long term or mortgage debt – PRE-PETITION ARREAGES ONLY, **$.00** to be paid to **N/A**, **$0.00** (total amount of pre-petition arrears for the real property located at *353 Welch Acres Drive, Felton, Delaware 19943.)*
☑ Debtor shall continue to make regular post-petition payments directly to **Farm Credit.**
*This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in the Del. Bankr. L.R. 3023-1(b) and the parties shall be governed.*

☐ (B) Secured Vehicle debt (cramdown) – Pro-rata payments to **N/A** in the amount of **$0.00** or payment in full of the value of property or in equal monthly payments of **$0.00** per month for the **N/A**.  Total payments will be **$0.00**.

☐ (C) Secured Vehicle debt (910 car claim) – Pro-rata payments to _____ in the full amount of the vehicle claim or in equal monthly payments of $0.00 per month for the _____. Total payments will be $0.00.

☐ (D) Other Secured debt: **N/A**.

3. **Surrender of Collateral and Co-Debtor Relief:**
   ☐ (A) Debtor surrenders secured collateral to _____. Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. §362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan.  Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

   ☐ (B) Co-Debtor relief under 11 U.S.C. §1301 is granted effectively immediately upon confirmation of this Plan as to surrendered property.

4. Unsecured Claims:
   Subsequent to dividends to priority and secured creditors, dividends to allow non-prority general unsecured creditors shall be distributed as follows:
   General unsecured creditors will be paid ☐ a dividend of 100% of their allowed claim or ☑ a pro rata dividend of:
   ☐ 1. _____ BIOC or
   ☐ 2. _____ Disp. Income x 60 months as calculated under §1325(b), or
   ☑ 3. A pro-rata dividend from the base plan, if any.

Revised Form 103 (2017)

IV. **Leases or Executory Contracts:** (if applicable) The following leases or executory contracts of the debtor will be treated as follows: **N/A.**

V. **Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

VI. **Nonstandard Provisions:** Any other nonstandard provision placed elsewhere in this plan is void.

VII. **Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim filed either electronically or as paper. To file an electronic, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms", then click on "Bankruptcy Forms", then select "B410-Proof of Claim". Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, DE  19801.

| | |
|---|---|
| */s/Glenn H. Welch* | **06/29/2022** |
| **Debtor's Signature** | **Date** |

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

| | |
|---|---|
| */s/Stephan J. Holfeld* | **06/29/2022** |
| **Attorney for Debtor(s)** | **Date** |

## PLAN ANALYSIS

Debtor(s):   Glenn H. Welch

Chapter 13
Case No. 22-10573

Prior:  NONE

Estimated Length of Chapter 13 Plan:   **60 months**

### Trustee Use

Sec. 341 Meeting Date:
Continued:
Confirmed Date:

**TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES**

A.  TOTAL PRIORITY CLAIMS (Class One)
    1. Unpaid Attorney Fees                                  $ 2,860.00
    2. Taxes                                                 $ 56,796.62
    3. Domestic Support Obligations                          $      0.00
    4. Other                                                 $      0.00

B.  TOTAL OF PAYMENTS
    - CURE DEFAULTS (Class Two)                              $ 0.00

C.  TOTAL OF PAYMENTS
    - SECURED DEFAULTS (Class Three)                         $ 0.00

D.  TOTAL OF PAYMENTS
    - UNSECURED CLAIMS (Class Four)                          $ 400,000.00

E.  SUB-TOTAL                                                $ 459,656.62

F.  TOTAL TRUSTEE'S COMPENSATION
    (10% of payment)                                         $ 0.00

G.  TOTAL DEBT & ADMINISTRATIVE EXPENSES                     $ 0.00